Buenos dias, good morning. May it please the court, my name is Mario Cosa Jr. and I represent the petitioner in this case, Mr. Borba. With the court's permission, I'd like to reserve two minutes of my rebuttal time, two minutes of my time for rebuttal. Your Honor, the first point I want to talk about is what I feel is the procedural defect in this case regarding the notice. There was a notice to appear that was issued by the government alleging a conviction under 118 subsection P. Well, it didn't say subsection P. Well, it was 118 capital P. Yes, Your Honor. Which turns out just to be shorthand for 118 perjury. Possibly, or it could be 118 penal code. It could stand for a variety of things. Ultimately, on appeal to the board, after the judge had determined that Mr. Borba was removable, pro bono attorneys submitted a brief arguing that clearly the statute 1240.8 subsection A requires that the government prove by clear and convincing evidence that an alien is removable as charged. And the BIA had some concerns. The BIA stated that in its review of the California penal code, there was no section P. So because of that concern, it remanded the case back to an immigration judge for one, I guess for production of more evidence to try to sort out the difference between the 118 allegation and the complaint and then the 118 P reference in the abstract of judgment. And two, because of the defect in the notice to appear. Once the case was remanded back to an immigration judge, venue was changed to Los Angeles. I represented this petition to pro bono. We preserved that issue. A motion to terminate was filed where we raised the argument. Hey, government. Let me ask you something. Suppose you terminate. Don't they then just refile it with the right number and we start all over again? And you end up in exactly the same place. Well, Your Honor, I think at that point you might have a bravo pedrosa argument where you could argue that under principles of res judicata, the government doesn't get a second bite at the apple. The government had all you would be doing at that point would be dismissing the complaint. Well, right. But if you would have terminated proceedings, obviously there is a chance that the government could have refiled. But at least Mr. Borah might have had an argument, whether it be a res judicata argument or who knows, maybe the second notice to appear might have had its own defect. I don't know. I mean, at this point, I guess we would be speculating. But just focusing on what happened in this case, the issue was raised. It was raised before the immigration judge who completely overlooked it and concluded that based on his review of the record, it was clearly established that Mr. Borah had been convicted of traditional perjury, which the judge assumed had to involve subsection A, 118 subsection A. There was a separate argument that was raised, which is that Penal Code 118 has several subsections. But that's not true. Penal Code section 118 only has two subsections, one of which states an offense. Right. But I believe that there's 118 subsection A, there's 118 small a, and then there's 118.1. So there was some argument that was made there. Ultimately, the judge ruled against this, so did the BIA. What we're here to argue today, first and foremost, is that we believe that the court has to give full meaning to the phrase as charged. That was the intent of Congress. You have to give an alien written notice. In this case, you're presented with a unique set of facts where the BIA already agreed with Mr. Borah once. It remanded the case back to the government. Pursuant to 8 CFR 1240.10 subsection E, the government can file an I-261, can amend the complaint at any time. It's no different than any other civil proceeding. That's why the Supreme Court has held that, in their view, deportation isn't a punishment. Immigration proceedings are civil proceedings. So in the same way that in a civil case, a judge may request that the complaint be amended for failure to state a claim or so forth, the parties here were given an ample opportunity. I'm sorry? Was there any prejudice due to this? Well, I think the prejudice here was that he was deported. In other words, you're saying all they had to do was file a different piece of paper when they went back and remanded. To give notice. But you had notice. In fact, you had notice. That's what the hearing was about. Nothing would have gone any differently had that separate piece of paper been filed. And that might be the case. But I would respectfully point out, Your Honor, let's keep in mind what happened here procedurally, factually. Mr. Borgo was deported. He represented himself pro se. He went before an immigration judge, and despite the fact that this notice to appear was defective, an immigration judge still found him removable. But then the board sent it back, and then he did have a lawyer, right? Correct. And then you had another proceeding at which you say they could have just filed their same piece of paper, but they didn't. Which we did request. All right. And what difference did it make that they didn't do it? Well, I don't think notice was proper. I think the consequence is what this statute is requiring. It's the same question Judge Berzon asked. Was your client the second time around, once he had a lawyer, was your client under any misapprehension that what was being charged was perjury under 118A? Well, I guess the answer to that would be no, because he understood that at this point, based on the evidence that had been submitted, we knew which way the government was going to do this. And he knew of his own prior conviction. Of course. He knew that 118P was being treated by everyone in the courtroom as a perjury conviction. I mean, that's the prejudice question that I think Judge Berzon was asking. Was he in any way misled or did he misunderstand? Did it hurt his defense? The answer is I think he understood perfectly what they were charging him with. And I understand the court's point. I understand the court's concern. My point is simply that because the issue was never waived by us, because before the immigration judge, it wasn't as though we did some kind of sleight of hand and only raised this issue on the Ninth Circuit. We put the government on notice. We gave the government an opportunity. The government submitted two briefs. They submitted conviction records. They had an ample opportunity to address our concern. And you're right, Your Honor. It could have been something as simple as in Form I-261 that would have alleged, hey, by the way, we actually mean 118A or 118 period. And then we would have maybe had a different issue there. But in this case, they were indifferent to what the BIA requested. And I think that's what makes this case unique. It makes it different than Chowdhury and even some of the other cases that have maybe touched on. I think Salviajo Fernandez is another one that kind of had somewhat touched on what exactly you're going to say with 1240.88. And I think this is a case that presents an opportunity for the court to make it clear to the government, you cannot simply give a defective notice to aliens in immigration court proceedings because you may be presented with a situation such as the one here with Mr. Borba, where you would have ended up with an alien wrongfully deported based on a defective notice to appear, despite the fact that subsequently— If the board hadn't done what it did, which protected his rights, then you would have a pretty good argument. But the board essentially protected his rights by sending the thing back. Right. But I guess my point is simply that by sending it back with instructions, Department of Homeland Security, you need to take a look at 1240.88. It says as charged. There is no subsection. There's no 118P that exists in the penal code. They never fixed that allegation. And that's what it all comes back to. No, we got the point. I've got a different question. Sure, Your Honor. I think you were here for the first argument in Mr. Yim's case. Right. We've not conferred. We don't know what we're going to do. But at least it was surfaced as a possibility that we might remand to the board for a determination by the board as to what the generic definition of perjury is to which must be matched. And there's at least a bare possibility that the board might conclude that the California statute is overly broad and we don't have a categorical match. How might that affect your case if that happens? I think it affects my case tremendously for the following reason. I make no mistake. The complaint clearly says what my client did. My client lied under oath. That's what he was charged with. So I can't get away from the fact that if we agree or if the court was to find that the statute is divisible and we go to a modified approach, the complaint is damaging. However, I do believe that under the comps and especially under Rendon, it seems to me that California's perjury statute should be found to be overbroad. We submitted a Rule 28J letter that does point out the fact that if you look at the jury instructions, there's a significant difference between the federal perjury statute, even assuming that the court does not decide to switch back to ordinary contemporary meaning of the statute, and if the court was to agree that perjury under federal law for purposes of the aggravated felony provision should be whatever Section 1621 says. Ultimately, Your Honor, California has a broader materiality test. Under California law, a statement need not be material. It just has to be a statement that may have affected the outcome, whereas under the federal statute it doesn't. Now you're making the argument, but I'm trying to figure out what do we do procedurally because your case has never been argued on this basis. Agreed. Your case has only been argued on the basis that P mean doesn't sufficiently alert your client to the actual underlying charge that the government intends to bring. And I'd like to answer that, Your Honor. Unfortunately, when we briefed the decision, when the BIA decided this case, it was prior to the comps. It was at a time when we weren't aware. What does the comp have to do with it? Nothing. Well, to the extent that you were now presented with a situation where a statute could be found overbroad, not just simply divisible where you have to apply a modified approach, where you actually could find that based on the elements of the statute that there's alternative means of violating the statute and that the statute is overbroad in the way that Rendon suggests. But to answer your question, Your Honor, I believe that in Marmolejo Campos, this court clearly stated that in terms of interpreting de novo a criminal statute, the board has no special expertise in that area. I agree that in terms of interpreting the INA, the board is entitled to deference, and that is what Chevron and Marmolejo Campos say. But in terms of interpreting the actual statute of conviction, the California statute, the actual 118A, I don't believe that there's anything that precludes the court from on its own reviewing that issue de novo. And if the court finds that in light of the comps and in light of Rendon, and if you consider alternative means of violating the statute, that it's possible that the statute's overbroad, the court definitely is in a position to find. In our review, we believe that checking the wrong box in the DMV application – But that's only true – I'm sorry, Your Honor. I mean, wait a minute. If the federal statute – let me see if I can remember where we are with all this. If the federal statute is the benchmark and the California statute is an overbroad, it basically matches it pretty exactly. Well, that's – So only – excuse me. Excuse me. So it's only if we were to think that the federal statute may not be the benchmark, and that's the issue you haven't argued. And I think that that is definitely one issue that the court can – I did have a chance to review Garcia-Santana, so I am aware that there's a difference between adopting the interpretation based on a federal statute versus what is essentially the – But that question is a question for the board, right? And I do think that that would be a question for the board. My only argument would be that pursuant to the 118, to your de novo review, which the court does have a special expertise in interpreting criminal statutes, the court can see that in our Rule 28J letter we presented cases that have punished attempted perjury. There's actually a case that has sustained a conviction for perjury when there was an unused, unexecuted affidavit. So I think that that takes it outside the purview of just what the 1621 statute is. And as the jury instructions show, if a jury is presented with that type of a case, the jury is not asked to actually narrow what the elements were or what exactly the person did. You're over time. Let's hear from the government, and we'll give you a chance to respond. Thank you. Excuse me. May it please the court, my name is Andrew O'Malley. I represent the Attorney General of the United States. This court should dismiss the petition for review because the Department of Homeland Security established that petitioner is removable from the United States as an alien convicted of an aggravated felony. Specifically, the conviction documents show that Mr. Borba was convicted of perjury under California Penal Code, Section 118, parenthetical A. The record contains a felony complaint in which he was charged with perjury under CPC, if I may abbreviate as such, 118. His plea agreement, which shows that he pled guilty to count one perjury in violation of 118. An electronic docket sheet showing that he pled guilty to count one perjury in violation of 118. And, of course, an abstract of judgment showing that he pled guilty to- There are two questions. One is whether there's anything in the notice problem. And the second is, that's all fine, but what if the 118 is not a generic perjury statute? Which, based on everything that went on earlier today- I believe you asked me on the notice issue. Yes. The notice issue, I think, is controlled here by Chowdhury. It's the same fact pattern. I'm sorry? I believe the notice issue here is controlled by Chowdhury. It is the same fact pattern. Yes, the notice to appear alleges 118P. That's just a copy from the abstract of judgment. But even if that is an error- And it is just a clerical error, is that what you're saying? That's right, Your Honor. That seems to be the case here. That's what the immigration judge thinks. We all know that there's no 118P. It would have been a whole lot cleaner had the DHS just amended the NTA when they went back on the remand. It may have been, Your Honor. And I'll note, I was looking back at the Board's decision based on Petitioner's argument. I don't see any indication in the Board's decision that they asked the Department of Homeland Security to amend that notice to appear. But you are absolutely correct. It would have been cleaner. But to the extent that there's error, it's harmless error because everybody knows here that we're talking about perjuries under Section 118. The notice to appear lists the date of conviction. It lists the substance of the conviction. It simply uses that clerical error of 118P. And again, the Board remanded, and the entire proceeding from that point on was whether or not 118 constitutes an aggravated felony. All right. Well, what about that question? Does 118 constitute an aggravated felony? Well, Your Honor, this is an argument that is not exhausted. You just said that was the only argument. That was the whole issue on remand. Well, I'm sorry. The only issue on remand really was, on the motion to terminate, was, he did argue that. That is correct. He argued that it's not categorically an aggravated felony. He also argued that there is 118.1 and 118A. Well, if he argued that it's not categorically an aggravated felony, then he did exhaust the question. Well, he exhausted it to the immigration judge. Did he raise it before the BIA? He said before the BIA, he said, and this is, and I hate to go down the rabbit hole here, but he says to the BIA, I'd like to incorporate by reference my objections. But he never objects to a matter of Martinez-Racinos. And he has waived any challenge to the board's determination that that's not sufficient to raise an argument. He's waived challenge to that, and he has waived any argument. Because he hasn't argued it to us, is that right? Exactly, Your Honor. And he has waived any challenge to the board's determination that 118A is categorically an aggravated felony because he's not raised it here. At most, he raised it last night in a 28J letter. And, of course, this Court has held that that's not sufficient. When were the briefs in this case filed? I believe it was 2012, Your Honor. Before? I mean, is there something in his notion about Dekamp and Rendon in the following way, that because they didn't exist at the time of our briefing, is that right? They didn't exist at the time of the briefing? It was May 2013 that we briefed the case, and I'm not. Well, that's about when, and maybe it didn't, I'm not sure. But he also filed a supplemental brief two months ago. And they were clearly at issue then. And didn't raise any issue as to the board's determination that it's categorically an aggravated felony at that time either. He's very narrowly given us an issue here to determine as to whether or not this was under 118A. And it is. And, of course, the issue of notice, and, again, that's controlled, we believe, by Tauhuri, such that if there's any error, it's harmless error. He was absolutely on notice of what conviction was at issue. And in the state conviction, am I correct in recollecting that he pled? He pled, Your Honor, that's correct. And the plea agreement refers back to the charge in the complaint, which, of course, is 118A. And there's no need to go there, but to the extent that you want to, the language of the complaint actually tracks 118A as well. But, again, it's not necessary because 118.1 and 118A without the parentheses are completely separate statutory provisions. No, no. That part, for me, again, we don't consult ahead of time, so I'm speaking only for myself. But, for me, there's no difficulty at all here. With respect to the question that's been directly argued, my difficulty is, well, what happens if it turns out? There are a lot of ifs here, but if we remand in the M case, if the BIA on reconsideration decides that the California statute is overbroad because it's not going to look to the federal perjury statute, but it may look to something else that's a little narrower, whether it's model penal code, whether it's earlier case law, whether it's something else, what do we do with this case where you're relying on the earlier proposition established at the time you argued the case that this is an aggravated felony and all of a sudden it's no longer categorically an aggravated felony? What are we supposed to do with that? Well, I think I understand the concern, Your Honor, absolutely. But, again, Petitioner has given you a very narrow set of issues to address here and has chosen to defer to the Board's decision in matter of Ms. Genias-Rocinos, specifically in his brief. I don't think if you're going to send a case back to the Board for redetermination, this is not the case on which to do that. I suppose in some way, if the Court works itself, I don't see any reason to hold the case in abeyance or anything of that nature pending a decision from the Board on that because he's weighed the issue. And he didn't specifically exhaust it with the Board. But if he has chosen to defer to that decision of the Board, then there's really no reason to hold it for a further determination from the Board on its precedential decision. I hear what you're saying. I'm puzzling over the question. I understand the concern, Your Honor, absolutely. If there are no more questions from the bench, thank you very much. Would you like a minute? If the Court will permit. Please. And I'll try to keep it at just a minute. I apologize for going over my time. It's okay. Your Honor, our opening brief was submitted in May of 2013. The comps wasn't decided until June. So it wasn't at the time that we submitted the brief. And you're arguing about why it mattered. It doesn't deal directly with the question of whether this was a generic crime or not. But it's that it wouldn't have done you any good, you thought, because under the prior Ninth Circuit case law, even if it was a nondivisible statute, they still could have used a modified categorical approach to demonstrate that your guy was convicted for the generic crime. Right. And I had reviewed cases like Snellenberger, Young. But then it does matter what the generic crime is. It still matters for that purpose what the generic crime is. Right. And you're saying even the narrow or generic. In other words, he would have been found to have committed the narrow or generic crime. No matter what the generic crime was, he would have been found to have committed it, essentially. Correct, Your Honor. If you would have found that the modified categorical approach had to apply. But I think in this case what our argument is is that, especially in light of Rendon, now that you can consult jury instructions, now that you can actually consider a statute in terms of whether it prescribes alternative means or versus alternative sets of elements. I don't understand what difference that makes for your purposes. I don't understand that. Well. In other words, well, maybe I do. Okay. Right. I see what you're saying. And to answer your question, Your Honor, I think maybe in light of the comps, in light of Rendon, maybe the court might be in a position to issue an order to submit supplemental briefs on that issue so that we can properly raise them. But as the court did kind of suggest earlier, we're at a disadvantage because the board never had an opportunity to consider the impact of the comps on this case, to consider the impact of Rendon. But see, I don't understand. There are so many. I mean, you'd have to – the comp and Rendon only matter if you first get over the issue that's in the other case. Right? Right. So there wouldn't be any point in any briefing because until we know the answer to that question, I mean, you'd clearly lose if the federal statute is the benchmark. Yes. I think the court has – To camp Rendon or anything else quite aside. So if there's no questions, no further questions. Thank you for your time. Thank you. Thank both sides for their arguments. Barbara Cardoso versus Lynch, submitted for decision.
judges: Fletcher, Paez, Berzon